## McAuley *v.* His Creditors.

One who purchases, at a sale of the assetts of a bank made by commissioners appointed to liquidate its affairs, a note made by an insolvent, will acquire no greater right against the than the bank had at the time of the sale.

A creditor of an insolvent has a right to require the production in court of the bank-book of syndics the syndic to enable him to ascertain the state of the insolvent's affairs.

A PPEAL from the District Court of the First District, *Buchanan,* J. *Byrne,* for the appellants. *Roselius,* contrâ. The judgment of the court was pronounced by

SLIDELL. J. The appellants, *S. Smith & Co.*, having purchased two notes of the insolvent, at a sale made by the commissioners of the assetts of the Exchange and Banking Company. obtained an order on the syndic to show cause, on a certain day, why he should not pay them the amount allowed by the provisional tableau filed by the syndic on the 21st July, 1841, and also that he produce in court at the same time his bank-book as syndic. On the day named, the syndic appeared, and answered to the rule, that the dividend due on the notes was paid to the bank before the tableau of distribution was filed and homologated; that the slaves mortgaged to secure the notes were purchased by the bank, and the price retained on account of the mortgage: that afterwards the surplus was paid by the bank to the syndic, and employed in paying other privileged claims, long before the appellants became the holders of the notes; that the payment and settlement were made in conformity with the tableau of distribution duly homologated by the court; and that he has received no funds to deposit since the filing of the tableau. Wherefore he prayed to be dismissed.

Upon hearing the district judge discharged the rule, and the plaintiffs in the rule have appealed.

The tableau proposed the distribution of the proceeds of sale of four only, out of five, of the slaves secured by the mortgage, and recognized the bank as a mortgage creditor. The bank had bought these four slaves at the syndic's sale, and retained the price in its hands. This tableau was homologated long before the appellants bought the notes. The appellants acquired no better right against the syndic than the bank had at the time of the sale of the notes by the commissioners; and it is obvious that the bank could not have pretended to make the syndic liable for monies which it had not paid to him, but retained in its own hands.

But that portion of the rule of the appellants which called upon the syndic for the production of his bank-book appears to have been disregarded by the syndic, and to have been overlooked by the court. The appellants had a right to the inspection of the bank-book. One of the five slaves which were mortgaged to secure the notes held by the appellants had been sold, as stated in the tableau, to another purchaser, who had neglected to comply with the terms of sale. The proceeds of the sale of this slave not being in hand at the time of filing this tableau, are not comprehended in the distribution ordered by it, and cannot therefore be claimed under the tableau. But the appellants had a right to know whether the price had been subsequently received by the syndic; and the inspection of the syndic's bank-book was one of the means al-

lowed to the creditor by the statute for obtaining that information. The entire discharge of the rule appears to us, therefore, erroneous.

It is, therefore, decreed that so much of the judgment of the District Court as rejects the claim of the appellants to the proceeds of the sale of the four slaves, *Reuben*, *Carey*, *Hannibal* and *Washington*, be affirmed ; and that, in other respects, the said judgment be reversed ; and that this cause be remanded to the court below with instructions to the said court to compel, by due proceedings, the production in court of his bank-book by the syndic, so that the same may be inspected by the appellant ; the appellee paying the costs of this appeal.